WILLIAMS, administratrix, *vs.* JETER.

1-2. The verdict was unsupported by the testimony.
3. Whilst as a general rule it is a correct principle that if one is employed for a stated term, and he does not comply with his contract, then, within a reasonable time after knowledge of the fact the employer must discharge him, or give him notice of his failure to comply, yet where, on account of the nature of the business or other circumstances, the employer was not present and it is probable knowledge of the non-compliance was not promptly had, it would be proper for the court to present that view to the jury, and its effect upon the respective rights and liabilities of the parties in connection with the rule as above stated.

New trial. Contract. Master and servant. Charge of Court. Before Judge HOOD. Baker Superior Court. November Term, 1879.

Reported in the opinion.

D. A. VASON; STROZER & SMITH, for plaintiff in error.

No appearance for defendant.

CRAWFORD, Justice.

The defendant in error brought suit against *Henry C. and Mary D. Williams* as the administrator and administratrix of Reuben Williams, deceased, to recover $493.97, which he alleged was the balance due him of $1000.00 for his services in the 1873 as an overseer and superintendent of two plantations belonging to the said estate. Under the evidence and the charge of the court the jury gave him a verdict for the sum claimed. The plaintiff in error, her co-administrator having died, sought a new trial on account of the errors claimed to have been committed by the court and the jury, which was refused and she excepted. They were:

1. Because the jury found contrary to evidence and without evidence.

2. Because they found contrary to the charge of the court in this, "that they must be satisfied what the contract was, and that it was fully performed on the part of the plaintiff."

3. Because the court erred in the following charge: "As a general rule if a man employs another a year, or any other time and he does not comply with his contract, then, within a reasonable time after such knowledge, he must discharge him, or give him notice that he is not complying with his contract, and you are to consider whether they did this or not."

1. This plaintiff came into court claiming a verdict un-

der a contract set out in his complaint, and to entitle him to recover he must come also with sufficient proof to establish his demand. The testimony as shown by the record is, that he was by his contract to furnish the hands and superintend the two plantations for the year 1873 belonging to the estate. It was necessary therefore for him to show that he had complied, first by getting the requisite number of hands, and second, that he superintended the places according to his agreement. The testimony does not show that he did either, on the contrary it appears that a sufficient number of hands to cultivate the places were not furnished, and that his management was unskillful and damaging to the owners. We think therefore that the jury found contrary to the evidence and without evidence.

2. The second ground of the motion for a new trial is disposed of by the ruling on the first.

3. As there is to be a new trial in this case and the complaint of error alleged in this ground will be again before the court, we rule upon it. This charge of the judge was intended no doubt to cover cases where the employer and the employé are, or ought to be, in such communication as to put the former in possession of the information that the latter is not complying with his contract. This is not a parallel case to that of a clerk, or one who is in daily contact or under the observation of his employer. The duties of the plaintiff were to be performed upon the plantations of an estate, and whilst the representatives of that estate are bound to give attention to its interests and are charged with notice as to how it is managed, yet the evidence in this case discloses the fact that the administrator was in poor health and died during the year or shortly thereafter, and there is none as to the proximity, or the opportunity on the part of the administratrix to have been informed of the facts, or that it was not under the direct management of the administrator. We think that the charge assumes the presence and knowledge of the defendants that the plaintiff was in default; when really the circumstances of this particular

case might take it out of the general rule, and perhaps did, for there was evidence indicating such a state of things, and the defendant was clearly entitled to have had that view of her rights presented to the jury in connection with that obligation which the charge put upon her.

The judgment must therefore be reversed.